IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEITHUS JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-336 |
| JOHN B. STEVENS, JR., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Keithus Jones, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against John B. Stevens, Jr., Bob Wortham, Mike Laird, Joel W. Vazquez and Zena Stephens. Defendant Stevens is a state district judge. Defendant Wortham is the former district attorney of Jefferson County and Defendant Laird is an assistant district attorney. Defendant Vazques is an attorney who represents Plaintiff. Defendant Stephens is the sheriff of Jefferson County. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #1), Plaintiff states he has been charged with family violence and incarcerated for more than 18 months. He asserts there is no physical evidence to support the charge against him. Plaintiff alleges Defendants Stevens, Laird and Vazquez have delayed his trial and deprived him of his freedom. He states Defendant Wortham accepted his case for prosecution even there was no physical evidence to support the charge. Finally, Plaintiff asserts Defendant Stephens conspired with the Defendants Stevens, Wortham and Laird to hold Plaintiff against his will. Plaintiff requests money damages.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

### *Heck v. Humphrey*

Plaintiff alleges that as a result of actions and omissions of the Defendants, he has been, and continues to be, wrongfully incarcerated. For the reasons set forth below, his request for money damages based on his allegations is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* provides that in order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or incarceration invalid, a plaintiff must prove that the imprisonment has been reversed on appeal, expunged by executive order or called into question by the issuance of a writ of habeas corpus. *Id.* at 486-87.

As a result, when a court considers a claim that a plaintiff has been improperly incarcerated, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the confinement challenged has already been invalidated. *Heck*, 512 U.S. at 487. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the plaintiff's confinement, the action should be allowed to proceed. *Id*.

If Plaintiff were to receive a judgment in his favor in this lawsuit, the judgment would necessarily imply that Plaintiff has been wrongfully imprisoned. As Plaintiff does not state his confinement has been invalidated, he may not proceed with a claim for money damages.

*Claim Against Defendant Vazquez*

In addition to being barred by *Heck*, Plaintiff's claim against Defendant Vazquez should be dismissed because Defendant Vazquez has not acted under color of state law. In order to state a cause of action under Section 1983, a plaintiff must allege that the person who deprived him of a federal right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988). A private attorney generally does not act under color of state law. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1988).

Plaintiff's claim against Defendant Vazquez is based on actions taken while representing him in his criminal case. As Defendant Vazquez was not then acting under color of state law, Plaintiff has failed to state a claim against him upon which relief may be granted.

*Claim Against Defendants Wortham Laird*

As explained below, Defendants Wortham and Laird, who are sued based upon their actions as prosecutors, are entitled to absolute immunity to the extent Plaintiff seeks money damages.

Criminal prosecutors enjoy absolute immunity from claims for money damages under Section 1983 for actions taken in the presentation of a criminal case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying a case through the judicial process. *Graves*, 1 F.3d at 318. Absolute immunity against claims for money damages shields prosecutors even when they initiate a prosecution maliciously, wantonly or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

Plaintiff claims against Defendants Wortham and Laird are based on actions taken by them in connection with the initiation and prosecution of Plaintiff's criminal case. Defendants Wortham and Laird are therefore entitled to absolute prosecutorial immunity.

*Claim Against Defendant Stevens*

Judges have absolute juridical immunity to claims for money damages based upon judicial acts performed in judicial proceedings. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). Judicial officers are entitled to absolute immunity with respect to lawsuits arising out of acts performed in the exercise of their judicial function. *Graves*, 1 F.3d at 317.

A judge generally has absolute immunity from suits for damages unless the challenged actions were taken in the complete absence of all jurisdiction. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11. Except where an action is taken in the clear absence of jurisdiction, "[a] judge will not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Plaintiff's allegations against Defendant Stevens concern actions taken by him while presiding over Plaintiff's criminal case. Plaintiff does not assert Defendant Stevens lacked jurisdiction over the case. As a result, Defendant Stevens has absolute judicial immunity from Plaintiff's request for money damages.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 26th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE